UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:18-CV-00123-TBR-LLK

GARY S. VANDER BOEGH                                                                                        PLAINTIFF

v.

BRANDI HARLESS, *et al.*                                                                                DEFENDANTS

**OPINION & ORDER**

Senior Judge Thomas B. Russell referred this matter to U.S. Magistrate Judge Lanny King for ruling on all discovery motions. [DN 16].

This matter is currently before the Court on Defendants' Motion to Compel to supplement responses to Defendants' First Set of Interrogatories and Requests for Production of Documents. [DN 41]. Defendants filed their Motion to Compel on December 18, 2020. *Id*. On January 14, 2021, Plaintiff responded. [DN 43]. On January 26, 2021, Defendants filed their reply to Plaintiff's response. [DN 44]. Having received the Plaintiff's and Defendant's briefing on these issues, the motion is now fully briefed and ripe for adjudication. For the reasons set forth herein, Defendants Motion to Compel, [DN 41], is **GRANTED.**

**Background**

The entirety of the dispute revolves around Plaintiff's allegedly deficient discovery responses. Initially, Plaintiff's discovery responses to Defendants' Interrogatories and Requests for Production were due on February 24, 2019. [DN 41-1]. Plaintiff did not respond by this date. On April 23, 2019, all deadlines were vacated, including those discovery deadlines due to Plaintiff's health conditions. [DN 17]. During the stay, Plaintiff filed his Emergency Motion to Depose Material Witness, [DN 26], which was denied, [DN 29].

On May 26, 2020, a scheduling order was entered requiring Plaintiff to respond to these same discovery requests by June 19, 2020. [DN 32]. Plaintiff did not respond by this date.

On July 9, 2020 Plaintiff filed his motion for Extension of Time to Complete Discovery, [DN 33], which was granted; providing Plaintiff thirty days from the entry of that order to complete his responses, [DN 34]. And on August 12, 2020, following the expiration of this deadline, Plaintiff filed another Motion for Extension of Time to Complete Discovery, [DN 35], which was granted; providing Plaintiff an additional thirty days from the entry of that order, to complete his responses, [DN 37].

On September 17, 2020, Plaintiff served his responses. [DN 42-2]. On September 25, Defendants provided Plaintiff with their objections. [42-3]. Plaintiff alleged they did not receive this and were given an extension permitting a response by November 6, 2020. [DN 41-5]. Plaintiff did not respond.

Finally, on December 11, 2020, this Court granted leave for Defendants to file the Motion to Compel that is before this Court today. [DN 40].

## Discussion

A party may obtain discovery of any non-privileged matter that is relevant to any issue in the case. Fed. R. Civ. P. 26(b)(1). It is the party "resisting discovery [that] bears the burden to establish that the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Invesco Int'l (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007). To resist discovery that appears relevant, the respondent "bears a heavy burden of demonstrating that disclosure will work a clearly defined and very serious injury." *Id.* (citing *Empire of Carolina, Inc. v. Mackle,* 108 F.R.D. 323, 326 (S.D.Fla.1985).

It is impermissible not to answer questions. If the party does not know the answer, that party must not only explicitly say so, they must make some showing to support the statement. Specifically, the party objecting to interrogatories bears the burden of showing that the information sought is not reasonably available to it. *Id.*; see also, e.g., *Lindholm v. BMW of N. Am.*, LLC, 2016 WL 452315, at *5, (D.S.D. Feb. 5, 2016). "If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information." *Lindholm*, 2016 WL 452315, at *5, (quoting *Essex Builders Grp., Inc. v. Amerisure Ins.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005)).

Where a party makes objections, they must not be boilerplate. *Janko Enterprises, Inc. v. Long John Silver's, Inc.*, No. 3:12-CV-345-S, 2013 WL 5308802, at *7 (W.D. Ky. Aug. 19, 2013)) (citing *In re Heparin Products Liability Litigation*, 273 F .R.D. 399, 410–411 (N.D.Ohio 2011)) ("the mere statement by a party that an interrogatory or request for production is overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection."). The Plaintiff asserts objections of relevance, breadth, burden, privacy, and work product privilege. [DN 41-2]. Not one of the objections is expanded upon beyond the boilerplate recitations in the answers or in briefing. *Id.,* [DN 43]. Thus, each objection must fail as Plaintiff fails to meet their burden. To the extent that Plaintiff believes that "almost all of the material [Defendants] seek is already provided" it is necessary to provide a recitation of what is and is not required of the Plaintiff. [DN 43 at 2]. Each discovery issue shall be discussed in turn.

### Interrogatory Request Numbers 5 & 6

"In Interrogatory Nos. 5 and 6 Defendants requested the identity of individuals Plaintiff intends to call as witnesses during the trial of this matter and the identity of individuals who witnessed the incidents alleged in Plaintiff's Amended Complaint or who have knowledge

thereof." [DN 41 at 5]. Plaintiff responded to both Interrogatories 5 and 6 with the same statement that he used to answer Interrogatory 4: "We are currently interviewing candidate experts and we will supplement the above information upon completion." [DN 41-2 at 3]. However, neither Interrogatory 5 nor 6 pertained to experts. *Id.*

The Federal Rules of Civil Procedure require more. Specifically, Rule 33 requires the party answering interrogatories to furnish "information available to the party." Fed. R. Civ. P. 33(b)(1)(B); see also *Murphy v. Piper*, 2018 WL 2538281, at *2 (D. Minn. June 4, 2018). In this context, that means that a party must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A)(i).

In the present case, it is apparent that Plaintiff has identified witnesses and withheld that information from the Defendants. In his amended complaint, Plaintiff identified George Johnson, Steve Davis, David Nelson, and several unnamed nuclear workers as witnesses to the incidents. [DN 8 at 5-6]. And identified Ronnie Andrews in his Emergency Motion to Depose Material witness.[1] [DN 26]. These are all examples of individuals that Plaintiff must identify as witnesses in his response to these interrogatories. The Plaintiff must identify witnesses to the incidents and witnesses he intends to call at trial.

---

[1] Plaintiff response states: "In one outrageous allegation, the Defense attempts to dirty up an effort to take the deposition of a dying witness who did in fact die a few days after the Court denied the request." [DN 43 at 2]. This Court finds the contention raised by Defendants anything but outrageous—Plaintiff's emergency motion demonstrates he is indisputably identifying witnesses and refusing to share the requisite information with Defendants, and that he is likely taking statements from witnesses. This highlights the central issue of this motion: Plaintiff refuses to comply with discovery rules. In the aforementioned motion, Plaintiff failed to demonstrate the relevance of the testimony, a critical burden of the Plaintiff in such cases. [DN 29 at 3]. And, as here, by failing to identify required information in advance, Plaintiff continues to prejudice Defendants by preventing them from conducting discovery in this case.

**Interrogatory Request Numbers 7 & 12**

Defendants allege that Plaintiff failed to "state the exact sequence of events leading up to, during, and after the incident(s) alleged in his Amended Complaint . . ." in response to interrogatory 7 and failed to "state the exact sequence of events leading up to, during, and after, the incidents occurring in July 2016, as alleged in Plaintiff's Amended Complaint. . . " in response to interrogatory 12. [DN 44 at 1]. Plaintiff's answered the interrogatories as follows:

> Interrogatory 7: "The instant incident involves a pattern of conduct that has been ongoing for several years. Therefore, reference Police Report and Video of Gary Vander Boegh's attendance at a public meeting on 08/10/2017 at the Paducah Convention Center for Cold War Patriots (CWP) /Pro Case Management (PCM)
> This was the latest incident that precipitated filing of the lawsuit. However, the events that led to the incident go back several years. Need more specific question."
>
> Interrogatory 12: Responding to the location request he states: "Paducah Metropolitan Area; responding to the witness request he states: "(This answer will be substantially altered based on clarified questions in number 7) Evelyn Jeffords, David Jeffords, David Nelson[;]" and in response to the names of law enforcement involved he states: "Officer Drew, Sgt. K. ; Bryant Ofc. -There were 3 more unidentified Police Officers on the scene." And in his answer: "There were numerous events leading up to [sic] the incident(s) that occurred in the Paducah Metropolitan Area."

[DN 41-2 at 5]. Defendants questions seek an explanation and chronology and are clearly relevant as Plaintiff put the events and persons at issue by filing the amended complaint.

While courts may disagree on exact definitions of what constitutes a lack of specificity or an evasive answer, vague, non-responsive, and gaming responses are not to be tolerated. Plaintiff must provide a reasonable, complete, and specific answers to the questions asked and must include all the related information he knows.[2] These responses lack specificity as required

---

[2] "The answer to an interrogatory must be complete, specific, and responsive to the question. The answering party must construe the question fairly and not in a hypertechnical manner designed to justify not providing information that any reasonable reader would know was being sought. The answer given should include all information within

by Fed.R.Civ.P. 33(b)(4) and are "evasive or incomplete" as contemplated by Fed.R.Civ.P. 37(a)(4).[3] They must be supplemented.

### Interrogatory Request Numbers 10 & 11

Interrogatories 10 and 11 ask whether Plaintiff has taken any statements relevant to the case. [DN 41-2 at 4-5]. Defendants allege that Plaintiffs responses failed to "state whether he has taken any statements pertaining to the subject matter of this action or the issues involved herein. . . ." [DN 44 at 1]. Plaintiffs answer was: "See videos. However, question is too broad, need more specific request." *Id.* As explained above in the analysis regarding Interrogatories 5 and 6, it is apparent to the Court that plaintiff has been interviewing witnesses and taking statements.

Not only are the existence of the statements discoverable, but the statements themselves are discoverable. *Nam v. U.S. Xpress, Inc.*, No. 1:11-CV-116, 2012 WL 12840094, at *3 (E.D. Tenn. May 15, 2012) (citing *Basaldu v. Goodrich Corp.*, No. 4:06-CV-23, 2009 WL 1160915, at *1 (E.D. Tenn. Apr. 29, 2009)) ("a majority of courts considering this issue have reached the same conclusion as this Court and have required disclosure of witness affidavits and sworn statements prepared in anticipation of litigation."); *Brown v. Tax Ease Lien Servicing, LLC*, No. 3:15-CV-208-CRS, 2017 WL 6939338, at *22 (W.D. Ky. Feb. 16, 2017); *Trustees of Plumbers & Steamfitters Loc. Union No. 43 Health & Welfare Fund v. Crawford*, 573 F. Supp. 2d 1023, 1028

---

the answering party's knowledge or control.  A party cannot omit responsive information from the answer on the basis that the interrogating party may already know it.  If an interrogatory asks for a yes or no answer, an answer that fails to include a yes or no may be incomplete.  While courts choose different words to describe the characteristics of a proper answer, the basic principle is simple. Courts expect parties to give real answers to the questions asked." *Rule 33. Interrogatories to Parties, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 33.*

[3] Plaintiff asserts that "the Defense eludes that the undersigned did not get responses from the Plaintiff, they [sic] clearly state in Para 1 of Pg. 3 that the responses were evasive and incomplete, or non-responsive.  Which is it? Neither!" [DN 43 at 2].  To the extent that Plaintiff is arguing that any of these arguments create contradiction, that argument fails.  The Defense identified that Plaintiff has failed to meet deadlines. [DN 41 at 3].  This is true.  Further, many responses were evasive, many responses were incomplete, and many responses were nonresponsive.  Plaintiff must adequately respond to discovery.

(E.D. Tenn. 2008) (finding that witness statements and affidavits are discoverable evidence and that withholding witness names and statements justified reopening discovery). An adverse attorney must have the ability to obtain information from witnesses. Witness statements are discoverable so long as attorney-work product is not implicated: here, where there is no reason to believe the knowledge of the witness would pertain to the legal theories of the case, the statements taken are discoverable. Plaintiff must identify if he has taken any statements from witnesses in this case, and if so, identify the witnesses.

## Interrogatory Request Numbers 13-18

Defendants' request that Plaintiff "provide facts to support his allegations contained in his Amended Complaint. . . ." [DN 44 at 1]. Specifically, Defendants request facts to support the following:

> Interrogatory 13: Mayor Harless directed and/or approved the illegal actions
> Interrogatory 14: Chief of police Barnhill directed and/or approved the illegal actions
> Interrogatory 15: Mayor Pro Tem Wilson directed and/or approved the illegal actions
> Interrogatory 16: Police officers were receiving instructions and approval via Police Dispatch during the incident
> Interrogatory 17 Mayor, Police Chief, and Mayor Pro Tem were informed in advance of the illegal arrest
> Interrogatory 18: Defendants used irregular and unlawful procedure to prevent Plaintiffs attendance at the CWP meeting, speaking at the meeting, and petitioning the federal officials

[DN 41-2 at 6-8]. Plaintiff responded to all that: "The instant incident involves a pattern of conduct that has been ongoing for several years. Need more specific question." And references the video of the Paducah City Commission and to Police Body Camera videos. [DN 41-2 at 7-8]. These responses are insufficient for the same reasons as Interrogatories 7 and 12. The responses

7

lack the requisite specificity required by Fed.R.Civ.P. 33(b)(4) and are "evasive or incomplete" per Fed.R.Civ.P. 37(a)(4). Plaintiff must provide real answers to the questions asked.

### Interrogatory Request Numbers 19

Interrogatory 19 requested Plaintiff "state in detail and itemize all expenses and losses for which he is claiming damages. . . ." [DN 44 at 1]. Plaintiff's answer stated: "Greater than $100,000, currently acquiring Forensic Accountant and will provide detail as soon as it is available." [DN 41-2 at 8].

This is not sufficient. Parties are required to disclose a computation of damages at the outset of the case.[4] Specifically, the rules on mandatory initial disclosures require: "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]" Fed. R. Civ. P. 26(a)(1)(A)(iii). Plaintiff must supplement his answer with a detailed itemization of the claimed expenses and losses he claims.

### Interrogatory Request Numbers 21-22

"Interrogatory Nos. 21 and 22 request that Plaintiff list all hospitals, practitioners of the medical profession, and pharmacies that have provided treatment to Plaintiff in the past ten years." [DN 41 at 9]. Plaintiff answered both stating only: "Overly burdensome and in violation of Medical Privacy Act[.]" [DN 41-2 at 9]. In both his amended complaint and his answer to

---

[4] "Rule 26(a)(1) requires the parties to make certain initial disclosures in most civil cases. The parties must make these disclosures automatically and without the need for a discovery request from any other party." *Rule 26. Duty to Disclose; General Provisions Governing Discovery*, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 26.

Interrogatory 20, Plaintiff indicates that he is claiming damages for injuries to his right shoulder, artificial hip, neck, hand, and wrist; and for his nightmares, Insomnia, and PTSD. [DN 8, 41-2 at 8]. This places the Plaintiffs medical records squarely at issue in this case.

First, as explained at the outset of this opinion, Plaintiff's burden requires more than simply declaring an undue burden. Rule 26 requires that the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). No such showing has been made. Here, where the requesting party shows good cause that this information will be necessary to evaluating damages, it is clearly relevant and discoverable.

Second, to be sure, individuals have a right to privacy regarding their medical records. *In re Zuniga*, 714 F.2d 632, 641 (6th Cir. 1983). However, these rights are waived when those records are put at issue in the case. *Maday v. Pub. Librs. of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007). This is particularly true in this case where Plaintiff asserts that the events resulted in his PTSD, nightmares and insomnia. *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 468 (S.D. Ohio 2015) ("[Plaintiff's] medical records are relevant to her claim for emotional distress damages"); *Maysey v. Henkel Corp.*, No. 1:17CV-00108-GNS, 2018 WL 314859, at *3 (W.D. Ky. Jan. 5, 2018) (holding that "placing one's mental health at issue constitutes a waiver of the privilege."); *Witschger v. E.I. DuPont de Nemour & Co.*, 2012 U.S. Dist. LEXIS 160902, at *3 (S.D. Ohio Nov. 9, 2012) ("to the extent plaintiff seeks damages for emotional distress, his medical records are relevant[.]"); *Noble v. Ruby Tuesdays Restaurants, Inc.*, 2007 WL 3125131, at *2 (S.D. Ohio Oct. 23, 2007) ("Plaintiff's medical records are relevant to any claim for emotional distress or mental anguish."); *Ross v. Bachand*, 2016 U.S. Dist. LEXIS 3436, at *10 (E.D. Mich. Jan. 12, 2016);

("[Plaintiff] placed her medical records at issue in this case by filing claims for emotional distress damages. As long as [Plaintiff] seeks such non-economic damages, [Plaintiff's] medical records are relevant and discoverable.")

Plaintiff must list all hospitals, practitioners of the medical profession, and pharmacies where he has received treatment in response to these interrogatories.

**Document Request 3**

Defendants request Plaintiff "execute a medical authorization. . . ." [DN 44 at 1]. And Plaintiff answers: "Objection, Irrelevant[.]" [DN 41-2 at 12]. The objection is misplaced. The Defendant correctly states that: "For the same reasons that Plaintiff must respond to Interrogatory Numbers 21 and 22, Plaintiff must be compelled to sign a medical release authorization as requested in Request for Production No. 3." [DN 41 at 11].

Where a Plaintiff refuses to sign a medical release authorization, courts in this jurisdiction may grant relief in one of two ways: (1) the Court may order the party to sign an authorization; or (2) where subpoenas are sent and the third-party medical providers seek to quash them, the Court may deny those motions to quash. See *Thompson v. Hartford Life & Accident Ins. Co., No., 2011 WL 13209804, at \*6 (W.D. Ky. Mar. 23, 2011), Graves v. Standard Ins. Co.*, 2015 WL 13714339, at \*11 (W.D. Ky. May 22, 2015); Cf. *M.T. by & through Thomas v. Saum*, 2012 WL 12996181, at \*4 (W.D. Ky. Dec. 10, 2012), *Maysey*, 2018 WL 314859 (W.D. Ky. Jan. 5, 2018). In the interest of judicial economy, and where Plaintiff has already withheld information relating to his providers for over two years, Plaintiff shall execute the medical release authorization.

**Document Request 4**

Defendants request the Plaintiff produce his federal and state income tax returns. . . ." [DN 44 at 2]. The Plaintiff answered, again: "Objection, Irrelevant[.]" [DN 41-2 at 12]. However, the Plaintiff also concedes the documents relevance to damages. [DN 43 at 2].

Plaintiff must respond, either with these records or by stating that he does not seek damages for lost wages or for impairment of earning capacity. Defendant is correct that "if Plaintiff would have responded to Interrogatory No. 19 as to the elements of damages he intends to seek, the parties would then be in a position to know whether Plaintiff intends to seek damages that renders his income tax documents relevant." [DN 41 at 12]. And correctly identifies that "[i]t is well established that a plaintiff's income tax returns are relevant to claims for lost wages and impairment to earning capacity." [DN 41 at 11 (citing *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir.1973); *Queen v. City of Bowling Green*, 1:16-CV-00131-JHM-HBB, 2017 WL 4355689, *7 (W.D. Ky. Sept. 29, 2017); *Laporte v. B.L. Harbert Intern., LLC*, 5:09-CV-219-TBR, 2010 WL 4323077, at *4-*5 (W.D. Ky. Oct. 26, 2010))].

As it stands, it is unclear to this Court whether or not the documents are relevant, and it will only be possible to ascertain the answer if and when Plaintiff responds substantively to Interrogatory 19 and this request for production.

**Document Request 7 & 19**

"In Request Nos. 7 and 19, Defendants requested that Plaintiff produce all letters, correspondence, diaries, notes, journals, and statements relevant to the allegations of Plaintiff's Amended Complaint. Plaintiff did not produce any documents in response to these discovery requests." [DN 41 at 12]. Plaintiff provided boilerplate objections to each: "Objection work product privilege[.]" [DN 41-2 at 13-14]. As explained at the outset of the opinion, these

boilerplate objections necessarily fail—Plaintiff is required to produce the documents where he failed to make the requisite showing that he prepared the specific document to be withheld was prepared in anticipation of this litigation.[5]  Fed. R. Civ. P. 26(b)(3)(A).

### Document Request 13

"In Request No. 13, Defendants requested that Plaintiff produce a copy of any and all social networking site content ("SNS") relating to the allegations in Plaintiff's Amended Complaint." [DN 41 at 12].  Plaintiff answered: "Objection: irrelevant, overly broad, and intrusive[.]" [DN 41-2 at 14].

"[T]here is no dispute that social media information may be a source of relevant information that is discoverable." *Georgel v. Preece*, No. 0:13-CV-57-DLB, 2014 WL 12647776, at *3 (E.D. Ky. Feb. 28, 2014) (quoting *Reid v. Ingerman Smith LLP*, No. CV 2012-0307 ILG MDG, 2012 WL 6720752, at *1 (E.D.N.Y. Dec. 27, 2012));  see also, e.g*., Locke v. Swift Transp. Co. of Arizona, LLC*, 2019 WL 430930, at *2 (W.D. Ky. Feb. 4, 2019) ("Social networking site content ('SNS') is subject to discovery under Rule 34. To fall within the scope of discovery, SNS

---

[5] Defendant submits that "Plaintiff cannot claim the attorney work-product privilege because he is not an attorney." [DN 41 at 12]. While the Court need not reach this issue, it is clear that Defendant paints with too broad a brush. There are certainly circumstances where the work product of a *pro-se* plaintiff is protected by privilege.  To take advantage of work product privilege, a party must prove that the materials in question are: (1) documents and tangible things; (2) Prepared in anticipation of litigation or trial; and (3) By or for the party or by and for the party's representative.  Fed. R. Civ. P. 26(b)(3)(A).  While Courts have denied the application of privilege to the work of *pro-se* litigants, the Defendant fails to acknowledge that courts in this circuit have *also* acknowledged this right for pro-*se* litigants.  *See, e.g., Coles v. Dearborn Midwest Co*., No. 13-14450, 2014 WL 7530433, at *2 (E.D. Mich. Sept. 17, 2014), *objections overruled sub nom. Coles v. Dearborn Mid-W. Co.*, No. 13-CV-14450, 2015 WL 163829 (E.D. Mich. Jan. 13, 2015); *Systemes v. Childress*, No. 09-10534, 2013 WL 12181774, at *1 (E.D. Mich. Nov. 22, 2013). The collection of cases cited by Defendant is also telling, where the Court provides opposite dicta to the cited purpose. *McKenzie v. McNeil*, No. 4:11CV45-RH/WCS, 2012 WL 695108, at *1 (N.D. Fla. Mar. 1, 2012) ("I assume without deciding that a pro se litigant can assert at least some work-product protection.") There are longstanding inter and intra circuit splits on this issue.  *Advisory Committee's Notes*, Fed. R. Civ. P. 26.  Further, the purpose of the doctrine is to "preserve the integrity of the adversarial process."  *In re Prof'ls Direct Ins. Co.,* 578 F.3d 432, 438 (6th Cir.2009) (citing *Hickman v. Taylor,* 329 U.S. 495, 510–14));  *Newhouse v. United States (In re Antitrust Grand Jury),* 805 F.2d 155, 164 (6th Cir.1986). Individuals have a right to represent themselves and a *pro-se* litigant must act in the role of client and attorney simultaneously.  Thus, to deny the application of privilege based on this distinction alone would disturb the very purpose of the doctrine, allowing an adversary limitless overreach in discovery.

information must meet the relevance standard, and the burden of discovering the information must be proportional to the needs of the case."); *Terrell v. Memphis Zoo, Inc.*, 2018 WL 3520139, at *4 (W.D. Tenn. July 20, 2018); *Adkisson v. Jacobs Eng'g Grp., Inc.*, No., 2020 WL 8254452, at *3 (E.D. Tenn. Dec. 10, 2020). "It is also clear that content of social networking sites is not privileged or otherwise protected from discovery merely because a party deems the content 'private.'" *Georgel v. Preece*, 2014 WL 12647776, at *3 (E.D. Ky. Feb. 28, 2014) (citing *Keller v. Nat'l Farmers Union Prop. & Cas.*, 2013 U.S. Dist. LEXIS 452, *10-11 (D. Mont. Jan. 2, 2013)).

Here, based on public Facebook posts, it is clear that Plaintiff has extensively commented on the case and identified both evidence and witnesses on the platform. [DN 41-7]. The Plaintiff argues that Defendant's use of this evidence proves that "almost all of the material they seek is already provided" and that "[Defendants] allege they have not received the Facebook posts of mine yet they [sic] detail it and attach 61 pages." [DN 43 at 2-3]. This is no argument. First, because Plaintiff clearly did not provide this information, though he was required to—instead, the Defendants were required to find this content themselves. [DN 41 at 14]. And, second, because the existence of such extensive content provides a strong indication that he is withholding relevant and discoverable evidence that is privately viewable within his account. Plaintiff must produce the content. This does not mean that all private communications are relevant or discoverable, but it does mean that Plaintiff must produce all content relating to the events put at issue in the amended complaint. There is no issue with the request being overbroad due to these limitations.

The Court, having reviewed the parties' briefing in this matter, arguments from counsel, the record, and being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that Plaintiff shall supplement his response to Defendants' First Set of Interrogatories and Requests for Production by no later than thirty days from the entry of this order:

1. Plaintiff shall supplement his responses to Interrogatories 5 and 6; providing the identity and contact information of witnesses that witnessed the events articulated in the amended complaint and witnesses that Plaintiff plans to call at trial.

2. Plaintiff shall supplement his responses to Interrogatories 7 and 12; stating, in detail, the sequence of events leading to the incidents alleged in the amended complaint.

3. Plaintiff shall supplement his responses to Interrogatories 10 and 11; stating whether he has taken any statements in connection with this case, and if so, Plaintiff must identify those individuals.

4. Plaintiff shall supplement his responses to Interrogatories 13-18; providing the facts supporting the specific allegations contained in the amended complaint.

5. Plaintiff shall supplement his response to Interrogatory 19; itemizing and stating in detail all expenses and losses he is claiming as damages.

6. Plaintiff shall supplement his responses to Interrogatories 21-22; providing a list of all hospitals, practitioners, and pharmacies that have provided him treatment in the past ten years.

7. Plaintiff shall supplement his response to Document Request 3; executing a medical release authorization.

8. Plaintiff shall supplement his response to Document Request 4; producing both state and federal income tax returns *if* he intends to seek compensatory damages. In the case that he does not seek compensatory damages, he must state so in response to Interrogatory 19 as stated previously.

9. Plaintiff shall supplement his response to Document Requests 7 and 19; producing all non-privileged correspondence, diaries, notes, journals, and statements that are relevant to the allegations in the amended complaint.  Plaintiff must produce all such evidence that he did not prepare directly for this litigation.  And, even if it was, if Plaintiff has disclosed those documents to any person, they shall be produced as well.

10. Plaintiff shall supplement his response to Document Request 13; producing all related social media information that relates to the allegations contained in the amended complaint.

**IT IS SO ORDERED**
May 13, 2021

                                                    **Lanny King, Magistrate Judge**
                                                    **United States District Court**

c:      Gary S. Vander Boegh, *pro se*
         Counsel of Record