UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-123-TBR

**GARY S. VANDER BOEGH,**                                                              **PLAINTIFF**

**v.**

**BRANDI HARLESS, et al.,**                                                             **DEFENDANTS**

## MEMORANDUM OPINION & ORDER

This matter is before the Court on various motions filed by the parties: Defendants' Motion for Extension of Deadlines, [DN 45], to which no response has been filed; Defendants' Motion to Dismiss [DN 47], which is fully briefed, [DN 52; DN 53]; Plaintiff's "Motion to Vacate Private Information Included by the Defendant's Attorney" ("First Motion to Vacate"), [DN 54], to which Defendants have filed a response, [DN 55]; Plaintiff's Motion for Leave to File a Sur-Reply, [DN 56], which is fully briefed, [DN 57; DN 58]; and Plaintiff's "Motion for Court Order to Vacate and/or Remove or to Strike Out the Plaintiff's Answers in the September 17, 2020 Interrogatory as Per Federal Rule Of Civil Procedure 36 (B) and All Irrelevant Documents/Exhibits," ("Second Motion to Vacate"), [DN 59]. In response to this last motion, Defendants filed a "Motion for Leave to Strike and Substitute Exhibit B [DN 41-2] to Defendant's Motion to Compel, [DN 41]" ("Motion to Strike and Substitute"), [DN 60]. For the reasons set forth below, the Court will grant Defendants' Motion to Dismiss, [DN 47], grant Defendants' Motion to Strike and Substitute, [DN 60], and deny the remaining motions.

I.     BACKGROUND

On August 10, 2018, Plaintiff filed this case alleging Fourth and Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983, as well as false arrest, false imprisonment, assault, battery, and malicious prosecution claims under state law. [DN 1]. The Court then entered a scheduling order. [DN 16]. Pursuant to that order, all discovery was scheduled to conclude by November 1, 2019, *id.*, with Plaintiff's responses to Defendants' Interrogatories and Requests for Production due on February 24, 2019. [DN 41-1]. Plaintiff did not respond by this date. On April 23, 2019, all deadlines, including the discovery deadlines, were vacated at Plaintiff's request due to his health conditions. [DN 17; DN 29]. During the stay, Plaintiff filed an Emergency Motion to Depose Material Witness, [DN 26], which was denied, [DN 29].

On May 26, 2020, the Court entered a second scheduling order. [DN 32]. That order required all fact discovery to be completed by January 1, 2021 and all discovery to be completed no later than April 15, 2021. *Id.*  Plaintiff was required to respond to Defendants' written discovery requests by June 19, 2020. Plaintiff did not respond by this date.

On July 9, 2020 Plaintiff filed a motion for Extension of Time to Complete Discovery, [DN 33], which was granted, providing Plaintiff thirty days from the entry of that order to complete his responses, [DN 34]. On August 12, 2020, following the expiration of this deadline, Plaintiff filed another Motion for Extension of Time to Complete Discovery, [DN 35], which was also granted. [DN 37]. Plaintiff had an additional thirty days from the entry of that order to complete his responses. *Id.* In so ruling, the Court admonished Plaintiff that "no further extensions shall be granted absent any new information not available to the Parties at the filing of this instant Motion." *Id.* at 1.

On September 17, 2020, Plaintiff served his responses. [DN 41-2]. On September 25, 2020, Defendants provided Plaintiff with their objections, noting that most of Plaintiff's answers were evasive, incomplete, or non-responsive. [DN 41, p. 3; DN 41-3]. Plaintiff requested a response to their objections by no later than October 9, 2020. [DN 41-3]. Plaintiff alleged they did not receive Defendants' objections, and defense counsel therefore agreed to allow him to respond by November 6, 2020. [DN 41-5]. Plaintiff did not respond.

As a result of Plaintiff's failure to respond, defense counsel requested a conference with the Court. On December 11, 2020, this Court granted leave for Defendants to file a Motion to Compel. [DN 40]. Defendants filed their motion on December 18, 2020. [DN 41]. On January 14, 2021, Plaintiff filed his response, [DN 43]. Defendants filed a reply, [DN 43], and the matter was submitted to United States Magistrate Judge Lanny King for review. On May 13, 2021, Magistrate Judge King granted Defendant's Motion to Compel and ordered Plaintiff to supplement his discovery responses on or before June 12, 2021.[1] [DN 46]. Plaintiff failed to so do, and Defendants filed the present Motion to Dismiss, seeking dismissal of the case for failure to prosecute and/or comply with the Court's orders. [DN 47].

Plaintiff then filed a motion to stay any further discovery pending resolution of his ongoing medical issues. [DN 48]. He stated in his motion that he had attached a letter from his treating physician; however, no such letter was attached. *Id.* On June 28, 2021, Defendants responded in opposition to the Motion to Stay, [DN 49]. Plaintiff failed to file a reply. On August 24, 2021, the Court entered an order directing Plaintiff to file a reply by September 9, 2021 and to file any relevant medical records under seal. [DN 50]. Plaintiff failed to do so. As a result of

---

[1] In the meantime, the defendants filed their motion seeking an extension of the discovery deadlines, in which they noted the pending Motion to Compel. [DN 45].

Plaintiff's failure to comply with the Court's order, and due to the lack of any medical evidence to support Plaintiff's request for a stay, the Court denied his motion. [DN 51].

In that same order, the Court entered a briefing schedule to ensure full briefing of Defendants' Motion to Dismiss. *Id.* The Court warned Plaintiff that his failure to respond would result in dismissal of the case. *Id.* Plaintiff then filed a response, and that matter is now fully briefed and ripe for review. However, before the Court could rule on this motion, Plaintiff filed his First Motion to Vacate, [DN 54], and Motion for Leave to File a Sur-Reply, [DN 56]. Those motions are now ripe for review. In the meantime, Plaintiff also filed his Second Motion to Vacate, [DN 59]. The Court addresses each pending motion in turn.

## II.   ANALYSIS

### A.  Plaintiff's Motion for Leave to File a Sur-Reply, [DN 56]

The Court first considers Plaintiff's Motion for Leave to File a Sur-Reply, [DN 56]. In his motion, Plaintiff asks the Court for leave to file a sur-reply in response to Defendants' reply brief, filed in support of their Motion to Dismiss. *Id.* For support, Plaintiff notes that Defendants "relied on several cases" in their Motion to Dismiss and their reply brief. *Id.* at 1. Plaintiff requests an opportunity "to respond to the cases cited by the Defendants in their Reply." *Id.* at 2.

The decision to allow a party to file a sur-reply is left to the Court's discretion. *See Key v. Shelby County*, 551 F. App'x 262, 264 (6th Cir. 2014) (citations omitted). Sur-replies may be appropriate in certain circumstances, such as "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Id.* at 265 (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)). However, it is not an abuse of discretion to deny leave to file a sur-reply "where the opposing party's reply did not raise any new legal arguments or introduce new evidence." *Liberty Legal*

4

*Foundation v. National Democratic Party of the USA, Inc.*, 875 F.Supp.2d 791, 797 (W.D. Tenn. 2012) (citations omitted); *see also Key*, 551 F. App'x at 265. Further, sur-replies "are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Liberty Legal Foundation*, 875 F.Supp.2d at 797 (quoting *In re Enron Corp. Secs.*, 465 F.Supp.2d 687, 691 n.4 (S.D. Tex. 2006)) (internal quotation marks omitted).

As noted above, Plaintiff wishes to file a sur-reply to respond to certain cases cited in Defendants' reply brief. [DN 56]. However, Plaintiff does not point to any "new submissions and/or arguments" included in Defendants' reply brief. *Key*, 551 F. App'x at 265. In fact, each of the cases cited in Defendants' reply brief was also cited in Defendants' Motion to Dismiss. The Court therefore finds that Plaintiff had an adequate opportunity to respond to this case law in his response brief. Accordingly, the Court finds that a sur-reply would be inappropriate and will deny Plaintiff's motion.

### B. Plaintiff's First Motion to Vacate, [DN 54], and Second Motion to Vacate, [DN 59], and Defendants' Motion to Strike and Substitute, [DN 60]

In his First Motion to Vacate, Plaintiff references his answers to interrogatories and asks the Court to "vacate the private information that the Defendant's (sic) attorney requested with full knowledge that the plaintiff should only give the last 4 digits of the plaintiff's social security and the plaintiff's birth year." [DN 54]. Plaintiff further states, "The Defendant's (sic) Attorney is asking for all medical, when only the medical that pertains to this case should be given to the Defendant." *Id.* Plaintiff therefore asks the Court to grant his Motion to Vacate and "suppress" defense counsel "from further requests for the Plaintiff's 'Private' information not related to" this case. *Id.*

In their response, Defendants note that Plaintiff provided his date of birth and social security number in response to their first interrogatory. [DN 55, p. 1]. As Defendants note in

5

their response, "[t]he discovery of background information such as name, address, telephone number, date of birth, driver's license number, and social security number is considered routine information in almost all civil discovery matters." *Lamb v. Hazel*, 5:12-CV-00070-TBR, 2013 WL 1411239, at *3 (W.D. Ky. Apr. 8, 2013) (quoting *Breslin v. Dickinson Tp.*, 1:09-CV-1396, 2011 WL 1900448, *1 (M.D. Pa. May 19, 2011)) (internal quotation marks omitted). Thus, to the extent Plaintiff asks the Court to "suppress" Defendants' ability to obtain such information through discovery, his motion will be denied.

Further, to the extent Plaintiff asks the Court to "suppress" Defendants from requesting certain medical records, the Court has already addressed that issue. As the Court has already explained, Plaintiff waived any privacy rights regarding his medical records when he put his medical conditions at issue by filing the instant action. [DN 46, p. 9 (citing *Maday v. Pub. Librs. of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007)]. Plaintiff's present request completely disregards the Court's prior ruling on this issue, and his motion will therefore be denied.

In both his First and Second Motions to Vacate, Plaintiff asks the Court to strike the sensitive personal information listed in his answers to discovery responses, including his social security number and date of birth. *See* [DN 41-2]. The filing of such sensitive information violates Federal Rule of Civil Procedure 5.2. Defendants have acknowledged this error in their Motion to Strike and Substitute, [DN 60], and they have submitted a redacted version of the discovery responses. [DN 60-1]. They ask the Court to strike the unredacted exhibit, [DN 41-2], and substitute the redacted version, [DN 60-1], in its place. The Court will grant Defendants' Motion to Strike and Substitute, [DN 60], and will deny Plaintiff's Motions to Vacate, [DN 54; DN 59], as moot to the extent he seeks to strike the unredacted exhibit.

In his Second Motion to Vacate, Plaintiff also asks the Court to strike from the record the exhibit attached to Defendant's brief responding to Plaintiff's Motion to File a Sur-Reply, [DN 57-1]. This exhibit is a copy of Plaintiff's Candidate Information sheet, which shows that he is running for County Judge Executive in McCracken County, Kentucky. *Id.* Defendants attached this to their response brief to demonstrate that Plaintiff has successfully completed his paperwork for his candidacy, which contradicts his claims that he cannot complete discovery in this case due to his health conditions. *See* [DN 57, p. 4, n.1]. Plaintiff argues that information is irrelevant. He does not cite any law in support of his request. However, under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court finds that the exhibit is not so redundant, immaterial, impertinent, or scandalous to warrant being stricken from the record. Further, the Court finds that the document *is* relevant to the issue of whether Plaintiff has deliberately flouted this Court's orders and discovery deadlines. Plaintiff's motion will therefore be denied to the extent he seeks to strike the exhibit from the record.

Plaintiff also asks the Court to strike from the record sixty-one pages of Facebook records because "only 3 or 4 are relevant." [DN 59, p. 4]. Plaintiff does not identify where these Facebook records are located in the record, and no such documents are attached to the pending motions. It is Plaintiff's responsibility to identify the specific portions of the record that he wishes to strike. Without that information, the Court cannot find that the alleged Facebook filings should be stricken under Rule 12(f). Plaintiff's Second Motion to Vacate will therefore be denied to the extent he seeks to strike sixty-one pages of Facebook records.

### C. Defendants' Motion to Dismiss, [DN 47]

Defendants argue for dismissal under Federal Rules of Civil Procedure 41(b) or 37. Under Rule 41(b), the Court may dismiss claims "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Similarly, under Rule 37, the Court may impose a variety of sanctions against a party that fails to cooperate in discovery, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). When determining whether to dismiss a claim under Rule 41(b) or Rule 37(b), the Court considers the following factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (quoting *Knoll v. Am. Tel & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

The Court addresses each of these factors in turn. In doing so, the Court is mindful that dismissal under Rule 41(b) is appropriate only when there is "a clear record of contumacious conduct by the plaintiff." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)); *see also Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980). Contumacious conduct is defined as "perverse in resisting authority" and "stubbornly disobedient." *Id.* at 737 (quoting *Webster's Third New International Dictionary* 497 (1986)). The Sixth Circuit has held that the "failure to respond to a discovery request may constitute contumacious conduct." *Barron v. Univ. of Mich.*, 613 Fed.Appx. 480, 484 (6th Cir. 2015) (citations omitted). For example, in *Harmon v. CSX Transp., Inc.*, 110 F.3d 364 (6th Cir. 1997), the Sixth Circuit found a "'clear record of delay and

8

contumacious conduct' where a plaintiff failed to answer interrogatories, failed to respond to a motion to compel, and failed to comply with the district court's order granting the defendant's motion to compel and ordering full and complete responses from the plaintiff." *Id.* at 368.

The Court is also mindful that it should "afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules." *Thomas v. Liles*, No. 3:16-CV-251-JHM, 2016 WL 4940343 (W.D. Ky. Sept. 14, 2016) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, "the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case." *Id.* As the Sixth Circuit has explained, "the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Id.* (quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)) (internal quotation marks omitted). With these principles in mind, the Court addresses the four factors outlined above.

The first factor asks "whether the party's failure is due to willfulness, bad faith, or fault." *Reyes*, 307 F.3d at 458. "For a plaintiff's actions to be motivated by bad faith, willfulness, or fault, his conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Wu*, 420 F.3d at 643 (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). Plaintiff bears the "burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *See Reyes*, 307 F.3d at 458 (citation omitted). "Thus, it is presumed that dismissal is not an abuse of discretion if the party has the ability to comply with a discovery order but does not." *Id.*

9

In the present case, the Court granted Plaintiff's three motions for extensions of time to respond to discovery requests, [DN 17; DN 34; DN 37]. It also entered four scheduling orders as a result of Plaintiff's failure to adequately respond to discovery requests. [DN 16; DN 32; DN 40; DN 42]. The Court also entered an order compelling Plaintiff to supplement his discovery responses on or before June 12, 2021. [DN 46]. Plaintiff failed to comply with each of these orders. In addition, Plaintiff has provided no reasonable justification for why he has repeatedly disobeyed the Court's orders and failed to provide adequate discovery responses. *See Reyes*, 307 F.3d at 458 (noting that the plaintiff failed to proffer anything to overcome the presumption that dismissal is appropriate when the plaintiff had the ability to comply with discovery but failed to do so). For example, Plaintiff claims to have ongoing health issues but failed to produce any documentation of his condition to support that claim, even after being ordered by the Court to do so. [DN 50; DN 51]. Due in large part to Plaintiff's failure to comply with the Court's orders throughout this proceeding, this case—which was filed in 2018—has dragged on for several years. To date, discovery has not concluded, and, as noted above, Plaintiff has repeatedly refused to obey the Court's orders with respect to discovery, resulting in further delay. At best, this behavior rises to a level of reckless (if not willful) disregard for these judicial proceedings. As such, this factor strongly weighs in favor of dismissal.

Turning to the second factor, the Court considers "whether the adversary was prejudiced by the dismissed party's conduct." *Reyes*, 307 F.3d at 458. This factor weighs in favor of dismissal when the plaintiff's conduct "required [the defendant] to waste time, money, and effort in pursuit of cooperation [the plaintiff] was legally obligated to provide." *Harmon*, 110 F.3d at 368 (6th Cir. 1997). In the present case, Plaintiff's failure to comply with the Court's orders has caused Defendants to file a motion to compel and a motion to dismiss, in addition to their several

10

responses to the ongoing discovery disputes and motions for extension of time. They have also been forced to attend multiple teleconferences focused on Plaintiff's refusals to comply with the discovery deadlines. These efforts have undoubtedly cost Defendants time and money. Further, Defendants have not been able to comply with the Court's discovery deadlines, as Plaintiff has failed to respond to their requests, and they cannot depose him until he files his responses. *See Reyes*, 307 F.3d at 458 (finding that the United States suffered prejudice because it could not schedule depositions or other discovery without answers to its discovery requests). The Court also notes that Defendants have been required to defend against this stagnant litigation as it continues to drag on, without progress, for several years, through no fault of the defendants. *See e.g., Ellison v. Beavers*, 5:18-CV-00074-TBR, 2021 WL 1069043, at *2 (W.D. Ky. Mar. 19, 2021). The Court therefore finds that this second factor weighs in favor of dismissal of the instant action.

      The third factor asks "whether the dismissed party was warned that failure to cooperate could lead to dismissal." *Reyes*, 307 F.3d at 458. This factor is a "key consideration" in the Court's decision to dismiss a case for failure to cooperate. *Schafer*, 529 F.3d at 737 (quoting *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)) (internal quotation marks omitted). Thus, dismissal is more likely when the plaintiff had prior notice that its action would result in dismissal. *Id.* a 737. In the present case, Plaintiff was warned on at least one occasion that no further discovery extensions would be granted. [DN 37]. While this is not an express warning that his suit could be dismissed for failure to comply with the Court's orders, the totality of the circumstances in this case provided adequate notice to Plaintiff. For instance, the Court provided Plaintiff with numerous opportunities to correct his behavior and comply with the Court's orders and discovery deadlines. He was clearly warned that he would not be given any

11

further extensions of time. Nevertheless, he continued to disobey the Court's orders. He was also warned that his failure to respond to the Motion to Dismiss could result in dismissal of his suit. [DN 50]. The Court therefore finds that Plaintiff received notice that his refusal to comply with discovery would no longer be tolerated, and this factor therefore weighs in favor of dismissal.

Lastly, the Court considers "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Reyes*, 307 F.3d at 458. As noted above, the Court has allowed Plaintiff several extensions of the discovery deadlines and has repeatedly provided Plaintiff with additional time to respond to the ongoing discovery disputes. Nevertheless, Plaintiff has refused to comply with the Court's orders. Plaintiff's repeated refusals to cooperate and comply with the Court's orders has caused this case to drag on for several years and has completely stalled any progress that could otherwise have been made in that time. Notably, discovery has not yet been completed, due to Plaintiff's repeated failures to comply with the Court's orders and deadlines. The Court is at a loss as to what lesser sanction it could impose upon Plaintiff to ensure cooperation in this action, when Plaintiff has disregarded so many of the Court's prior orders. This fourth factor therefore weighs in favor of dismissal. *See, e.g.*, *Ellison*, 2021 WL 1069043, at *2.

In sum, the Court has considered each of the four factors listed above, and each weigh strongly in favor of dismissing this matter for failure to prosecute under Rule 41(b) or Rule 37. In addition, Plaintiff has been an active litigator in federal and state court. He is well aware of the process in these proceedings. The Court, over time, has been overly generous in allowing Plaintiff some leeway to extend some deadlines. To his credit, he has always accepted the Court's rulings, both favorable and unfavorable, in a professional manner. However, Plaintiff's

actions in this case have more than crossed the line. Accordingly, the Court will grant Defendants' Motion to Dismiss.

### D.  Defendants' Motion for Extension of Deadlines, [DN 45]

In their Motion for Extension of Deadlines, [DN 45], Defendants represent to the Court that Plaintiff failed to provide complete and responsive answers to Defendants' discovery requests, and, as a result, Defendants cannot comply with the deadlines set forth in the current scheduling order, [DN 42]. However, because the Court is granting Defendants' Motion to Dismiss, [DN 47], as explained above, this motion will be denied as moot.

### III.    CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

1. Defendants' Motion for Extension of Deadlines, [**DN 45**], is **DENIED as moot**.
2. Defendants' Motion to Dismiss [**DN 47**], is **GRANTED**.
3. Plaintiff's "Motion to Vacate Private Information Included by the Defendant's Attorney," [**DN 54**], is **DENIED**.
4. Plaintiff's Motion for Leave to File a Sur-Reply, [**DN 56**], is **DENIED**.
5. Plaintiff's "Motion for Court Order to Vacate and/or Remove or to Strike Out the Plaintiff's Answers in the September 17, 2020 Interrogatory as Per Federal Rule Of Civil Procedure 36 (B) and All Irrelevant Documents /Exhibits," [**DN 59**], is **DENIED**.
6. Defendants' "Motion for Leave to Strike and Substitute Exhibit B [DN 41-2] to Defendant's Motion to Compel, [DN 41]," [**DN 60**], is **GRANTED**.
7. The Clerk of Court is **DIRECTED** to **STRIKE** [**DN 41-2**] from the record and substitute [**DN 60-1**] as an Exhibit to Defendants' Motion to Compel, [DN 41].

8.  This matter is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

February 23, 2022

cc: Plaintiff, pro se
    Counsel of Record